1  DEANNA LEE OSWALD, ESQ. (FL Bar No. 72621)
   (*pro hac vice*)
2  deanna@bfwlegal.com
   Brodsky Fotiu-Wojtowicz
3  44 West Flagler Street, Suite 2200
   Miami, FL 33139
4  305-503-5054

5

6  JON V. CARLSON (Bar No. 302354)
   jonvcarlson@gmail.com
7  4040 Palos Verdes Drive North, Suite 203
   Rolling Hills Estates, CA 90274
8  213-999-5859

9  Attorneys for Plaintiff
   TAE KYOUNG MAEUM HAN
10

11              **UNITED STATES DISTRICT COURT**

12             **SOUTHERN DISTRICT OF CALIFORNIA**

13

| 14 | TAE KYOUNG MAEUM HAN | Case No.: **'25CV2793 AGS BJW** |
|---|---|---|
| 15 | Plaintiff, | **COMPLAINT** |
| 16 | vs. | **1. TRADEMARK** |
| 17 | KL GLOBAL CO. LTD, BSG | **INFRINGEMENT UNDER** |
| 18 | AESTHETICS SOLUTIONS CO. | **15 U.S.C. § 1125(A)** |
| 19 | CORPORATION, KI DEOK KWON, | **2. TRADEMARK** |
| 20 | CHANG WOO LEE & | **INFRINGEMENT UNDER** |
| 21 | SU CHEON "CRYSTAL" KIM, | **15 U.S.C. § 1114** |
| 22 | Defendants. | **DEMAND FOR JURY TRIAL** |

23



1    Plaintiff Tae Kyoung Maeum Han ("Han"), through undersigned counsel,

2    hereby sues Defendants KL Global Co. Ltd. ("KL Global"), BSG Aesthetic

3    Solutions Co. Corporation ("BSG Aesthetic Solutions"), Ki Deok Kwon

4    ("Kwon"), Chang Woo Lee ("Lee"), and Su Cheon "Crystal" Kim ("Kim")

5    and alleges as follows:

**INTRODUCTION**

6

7    1.    Han brings this action to stop the Defendants' willful infringement

8    of the Omega Light® trademark, which she first registered in 2016 and has used

9    continuously in commerce since that time through her brand Esthemax®.

**JURISDICTION AND VENUE**

10

11    2.    This Court has subject matter jurisdiction over claims of trademark

12    infringement under 15 U.S.C. §§ 1116 and 1121 and also under 28 U.S.C. § 1331

13    as these claims arise under the laws of the United States.

14    3.    This Court has personal jurisdiction over Defendants KL Global,

15    BSG Aesthetic Solutions, Kwon, Lee, and Kim because they have purposely

16    directed their activities towards California and purposefully availed themselves

17    of the privilege of conducting business in California by importing infringing

18    goods into California and distributing infringing goods in California. This Court

19    has personal jurisdiction over Defendant BSG Aesthetic Solutions because it is a

20    California corporation with its principal place of business in the Southern District

21    of California. This Court has personal jurisdiction over Defendant Kim because

22    she is an individual residing in California.

23    4.    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because at



least one of the Defendants resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff Han is an individual residing in California. She is the founder of Esthemax®, a Korean beauty brand based in California.

6. Defendant KL Global is a Korean company with a principal place of business at 705, Ace High-End Seongsu Tower 14, Seongsui-Ro 10-Gil, Seongdong-Gu, Seoul, Korea 04784.

7. Defendant BSG Aesthetic Solutions is a California corporation with a principal place of business at 10450 Pioneer Blvd., Suite 4, Santa Fe Springs, California, 90670.

8. Defendant Kim is an individual residing in California and doing business as "Cosgram USA" and as "Crystal de Origo."

9. Defendant Lee is an individual residing in Seoul, Korea. Lee is the Chief Executive Officer of KL Global and the Chief Executive Officer of BSG Aesthetic Solutions.

10. Defendant Kwon is an individual residing in Seoul, Korea.

## BACKGROUND

11. Plaintiff Han is one of the pioneers who developed the market for Korean beauty products in the United States, primarily through her brand, Esthemax®. Han founded Esthemax® in the United States in 2012 and, through considerable effort, established a market for professional-grade Korean skincare products and devices. Esthemax®'s Hydrojelly® masks and sheet masks are

1   extremely popular among salons, estheticians, and their clientele.

2       12.    Han owns U.S. Trademark Registration No. 4888027 for the mark Omega Light®, which covers "Cosmetic apparatus, namely, light based devices providing mainly pulsed light for performing non-ablative aesthetic skin treatment procedures; Electronic aesthetic skin treatment devices using light emitting diodes, namely, infrared, red, orange, yellow, green, and blue wavelengths for generating light rays; Electronic light therapy apparatus for the skin" in Class 10.

    13.    Omega Light® was first used in commerce in the United States in 2016, when Han introduced an LED device and accompanying sheet mask to the United States market. Omega Light® has been in continuous use on registered goods since it was first introduced in 2016. The registration constitutes prima facie evidence of the validity of the Omega Light® mark, Han's exclusive right to use the Omega Light® mark in commerce, and Han's ownership of the Omega Light® mark.

    14.    The Omega Light® LED device treats various skin conditions by emitting specific wavelengths of light and is designed to be used by estheticians in conjunction with other professional skincare treatments. The Omega Light® ALA-13 Mask is designed to treat acne when used with the Omega Light® device, and contains a photosensitizing agent that that is activated by the device's LED light.

    15.    Han introduced the Omega Light® device and mask to the United States market in or around 2015. At the time, the device and mask were sold by

4



Kwon in the Korean market under the mark "Omega Light." Han believed the products would be commercially successful in the United States and purchased the products from Kwon on an arms-length basis for importation and resale in the United States.

16. Han's relationship with Kwon is solely that of an arms-length purchaser and seller. There was no distribution agreement, licensing agreement, or any other contractual relationship between Han and Kwon.

17. In 2016, Han began distributing the Omega Light LED device and Omega Light ALA sheet mask in the United States. At the time, these products were not available in the United States market and were introduced solely through the efforts of Han. Han independently developed the market for Omega Light® products in the United States through her own substantial efforts and investment.

18. When Han registered Omega Light® as a United States trademark in 2016, Kwon was aware that Han was independently developing the United States market for Omega Light® products in the United States and was aware and raised no objection to Han obtaining ownership to the Omega Light® trademark in the United States for her own benefit. Kwon made no claim to any trademark rights in the United States.

19. Han marketed and sold Omega Light® products exclusively as part of her Esthemax® brand, which was already well-established and highly regarded in the professional skincare industry in the United States. Han integrated the Omega Light® products into the Esthemax® professional product line and leveraged the substantial goodwill and reputation of the Esthemax® brand to

1   promote Omega Light® products.

2   20.   Consumers in the United States recognize and purchase Omega
3   Light® products because of their association with Esthemax®. The Omega
4   Light® mark in the United States derives its value and distinctiveness from its
5   association with Han and the Esthemax® brand.

6   21.   Since 2015, Han has continuously sold Omega Light® LED devices
7   and ALA-13 Masks in the United States as part of the Esthemax® professional
8   line of products.

9   22.   In 2024, Esthemax® began manufacturing and selling its own
10  Omega Light® ALA-13 Mask in the United States.

11  23.   In or around 2025, Han became aware that Defendant Kwon had
12  begun collaborating with Defendant KL Global and its CEO, Defendant Lee, to
13  import LED devices and ALA-13 masks into the United States using the marks
14  "Omega Light," "Omega LED," and "Omega PDT."

15  24.   Using their infringing marks, Defendants KL Global, Lee, and
16  Kwon are selling their products throughout the United States through various
17  distributors, including through Defendant BSG Aesthetic Solutions and through
18  Defendant Kim using the brands CosgramUSA and Crystal de Origo.

19  25.   The infringing products are identical or nearly identical to Han's
20  products:

21
22  *continued on next page*
23



| Plaintiff's Omega Light® Device | Defendants' Omega PDT Device |
|---|---|
|  | |

| Plaintiff's Omega Light® Mask | Defendants' Omega Light Mask |
|---|---|
|  | |

26. The Defendants' marks are identical or nearly identical to Han's Omega Light® mark. "Light," "LED," and "PDT," which refers to "photo-dynamic therapy," all have the same meaning and, therefore, have the same commercial impression. Defendants use the Omega Light, Omega LED, and Omega PDT marks on identical goods as Han's goods, sold through the same channels of trade and to the same consumers. Defendants' use will cause confusion and lead consumers to believe that the Defendants' products are affiliated with Han and Esthemax®, when they are not.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(A)

## AGAINST ALL DEFENDANTS

27. Plaintiff Han incorporates here each paragraph preceding the first cause of action as if set forth herein.

28. This is a claim for trademark infringement and false designation of origin under 15 U.S.C. § 1125(a).

29. Defendants KL Global, BSG Aesthetic Solutions, Kwon, Lee, and Kim have infringed the Omega Light® mark and created a false designation of origin by using in commerce, without Han's permission, the confusingly similar "Omega Light," "Omega LED," and "Omega PDT" marks in connection with the advertisement, offering for sale, or sale of Defendants' products, which are confusingly similar to the Omega Light® mark.

30. Defendants' actions are likely to cause confusion and mistake or to deceive as to the affiliation, connection, or association of Omega Light® with

1  Defendants, or as to the origin, sponsorship, or approval of Defendants' products
2  or Defendants' commercial activities, in violation of 15 U.S.C. § 1125(a).

3      31.    Defendants KL Global, BSG Aesthetic Solutions, Kwon, and Kim
4  infringed the Omega Light® mark with prior knowledge of Han's trademark
5  rights and, upon information and belief, with intent to trade upon Han's and
6  Esthemax®'s reputation and goodwill by causing confusion and mistake among
7  customers and the public and to deceive the public into believing that Defendants'
8  products are associated with, sponsored by, or approved by Han and Esthemax®,
9  when they are not. Defendants willfully violated 15 U.S.C. § 1125(a).

10      32.    As a result of Defendants' actions, Han has been damaged and the
11  Defendants have received ill-gotten profits. Defendants' actions have injured Han
12  and such irreparable injury will continue unless Defendants are enjoined by this
13  Court from further violating Han's rights, for which Han has no adequate remedy
14  at law.

15  **<u>SECOND CAUSE OF ACTION</u>**
16  **<u>TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114</u>**
17  **<u>AGAINST ALL DEFENDANTS</u>**

18      33.    Plaintiff Han incorporates here each paragraph preceding the first
19  cause of action as if set forth herein.

20      34.    This is a claim for trademark infringement arising under 15 U.S.C.
21  § 1114.

22      35.    Han owns a valid and enforceable federally registered trademark for
23  the Omega Light® mark.



36. Defendants KL Global, BSG Aesthetic Solutions, Kwon, Lee, and Kim have used in commerce, without permission from Han, reproductions, counterfeits, copies, colorable imitations, and confusingly similar marks to Han's Omega Light® mark in connection with the sale, offering for sale, distribution, advertising, marketing, or promoting of Defendants' goods and services. Such use is likely to cause confusion or mistake or to deceive.

37. Defendants KL Global, BSG Aesthetic Solutions, Kwon, Lee, and Kim have intentionally used a counterfeit Omega Light mark, knowing such mark is a counterfeit mark, in connection with the sale, offering for sale, or distribution of Defendants' goods or services.

38. Defendants KL Global, BSG Aesthetic Solutions, Kwon, and Lee have intentionally provided to their distributors the goods or services necessary to intentionally use a counterfeit Omega Light mark in connection with the sale, offering for sale, or distribution of goods or services, with the intent that their distributors would put the goods or services to use in committing the violation.

39. Defendants KL Global, BSG Aesthetic Solutions, Kwon, and Lee have willfully and intentionally infringed on Han's registered mark and, upon information and belief, did so with the intent to trade upon Han and Esthemax®'s reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' products and services are associated with, sponsored by, originated from, or are approved by, Han or Esthemax®, when they are not.

40. Defendants KL Global, BSG Aesthetic Solutions, Kwon, and Lee

BRODSKY FOTIU-WOJTOWICZ

had actual knowledge of Han's ownership of and prior use of the Omega Light mark and have willfully violated 15 U.S.C. § 1114.

41. As a result of Defendants' actions, Han has been damaged and the Defendants have received ill-gotten profits. Defendants' actions have injured Han and such irreparable injury will continue unless Defendants are enjoined by this Court from further violating Han's rights, for which Han has no adequate remedy at law.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Judgment in Favor of Plaintiff;
2. Compensatory Damages in an amount to be determined at trial, plus interest as permitted by law;
3. Treble Damages;
4. Disgorgement of Ill-Gotten Profits;
5. Statutory Damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just;
6. Injunctive Relief;
7. Attorneys' Fees, Costs, and Expenses;
8. For such other and further relief as the Court may deem just

BFW
BRODSKY FOTIU-WOJTOWICZ

and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: October 20, 2025

/s/JON V. CARLSON

Jon V. Carlson

Attorney for Plaintiff

BRODSKY FOTIU-WOJTOWICZ